### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TITUS EAPEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-0277-F |
| | ) |
| DELL MARKETING USA, LP, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Four motions are before the court: Defendant's Motion for Partial Dismissal (doc. no. 8), Plaintiff's Motion to Certify Questions to the Oklahoma Supreme Court (doc. no. 11), plaintiff's Application to Set a Scheduling Conference (doc. no. 24); and plaintiff's Motion to File Supplemental Authority on Plaintiff's Response to Defendant's Motion to Dismiss (doc. no. 27). The first three motions have been fully briefed and are ready for disposition. As to the fourth and final motion, the court concludes that no response is necessary. For the reasons set forth in this order, Defendant's Motion for Partial Dismissal will be granted, Plaintiff's Motion to Certify Questions to the Oklahoma Supreme Court will be denied, plaintiff's Application to Set a Scheduling Conference will be granted and plaintiff's Motion to File Supplemental Authority on Plaintiff's Response to Defendant's Motion to Dismiss will be denied as moot.

In this case, the plaintiff asserts that he was discriminated against (and terminated from his employment) by his employer on the basis of his race and his national origin. He seeks relief under Title VII of the Civil Rights Act of 1964 (42

U.S.C. §§2000e, *et seq.*), 42 U.S.C. § 1981, and Oklahoma's Burk tort case law, rooted in Burk v. K-Mart Corporation, 770 P.2d 24 (Okla. 1989) and its progeny. Defendant's motion for partial dismissal seeks dismissal of plaintiff's Burk tort claim, asserting that plaintiff has adequate statutory remedies for the discrimination he asserts, for which reason, under Clinton v. State ex rel. Logan County Election Board, 29 P.2d 543 (Okla. 2001), no Burk tort claim is available to plaintiff. One question central to defendant's motion is whether the decision of the Oklahoma Supreme Court in Saint v. Data Exchange, Inc., 145 P.3d 1037 (Okla. 2006) establishes, as a matter of Oklahoma employment discrimination law, that, as plaintiff puts it, "[t]he differences in substantive remedies between Title VII, Sec. 1981 and state law preclude the federal remedies from being considered sufficiently 'adequate' to eliminate the availability of a state law remedy." *See*, Plaintiff's Brief in Opposition to Dismissal, doc. no. 12, at 1 (footnote omitted).

In Burk, the Court, answering a certified question in an action in which the plaintiff asserted sex discrimination, "recogniz[ed] [a] new cause of action in tort" in "a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." Burk, 770 P.2d at 28. The Burk decision gave rise to at least as many questions as it answered. Some, but certainly not all, of those questions have been resolved in the eighteen years since Burk was handed down.

The breadth of Oklahoma's Burk tort doctrine received further attention in Tate v. Browning-Ferris, 833 P.2d 1218 (Okla. 1992), where the Court, in a case involving a race discrimination claim under Title VII (as Title VII read *before it was amended* to provide for jury trial and punitive damages, as well as expanded compensatory damages), held that the common law Burk remedy was not precluded by the

availability of relief under Title VII and Oklahoma's anti-discrimination legislation. The decision in Tate rested in substantial part on the Court's conclusion that:

> Were we today to construe the statute as having established the *sole* remedy for racially discriminatory practices, we would create a *dichotomous division of discrimination remedies* contrary to Art. 5 § 46 of the Oklahoma Constitution. There would be a more generous remedy for victims of handicap discrimination than for those who suffered from racial discrimination. For remedial purpose, discrimination victims comprise a single class. Our Constitution absolutely interdicts the passage of special law that would sanction disparate remedies for those who complain of employment discrimination.

*Id.* at 1229-1230 (footnote omitted; emphasis in original).

In Marshall v. OK Rental and Leasing, Inc., 939 P.2d 1116 (Okla. 1999), a sex discrimination (sexual harassment) case, the Oklahoma Supreme Court, recognizing that Title VII "now allows for jury trial and for compensatory and punitive damages," *id.* at 1122, held that plaintiff's statutory remedies were adequate and that no Burk tort claim would lie. *Id.*[1]

In Clinton, a pregnancy discrimination case that was ultimately tried by the undersigned, the Oklahoma Supreme Court, in an opinion that appears to have assumed[2] that the adequacy of the Title VII remedy for pregnancy discrimination could be taken for granted, held (answering a certified question) that the Burk tort theory was not available to a plaintiff where "an employer discharges a terminable-at-will employee based on the employee's status and the reason for the

---

[1] In Collier v. Insignia Financial Group, 981 P.2d 321 (Okla. 1999), Marshall was disapproved to the extent that it could "be read to support the conclusion that Oklahoma Anti-Discrimination Act provides an adequate remedy for quid pro quo sexual harassment," *id.* at 326, n. 20, an issue that is not involved in the case at bar. *See also*, Miner v. Mid-America Door Co., 68 P.3d 212 (Okla. 2002) and Clinton, 29 P.2d at 545 (citing Marshall as a case in which plaintiff had an adequate federal statutory remedy under Title VII).

[2] This was an unsurprising assumption because Clinton was decided two years after Marshall.

discharge violates Oklahoma's clear and compelling public policy, but the employee has an adequate federal statutory remedy for the wrongful discharge." *Id.* at 544.

<u>Saint</u> was decided a year ago. In that case, plaintiff alleged that she was terminated from her job because of her age. Plaintiff asserted claims in federal court under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and under state law. The defendant sought dismissal of the state law claims. The federal court certified the following question of Oklahoma law to the Oklahoma Supreme Court under the Revised Uniform Certification of Question of Law Act, 20 O.S. § 1601, *et seq.*:

> Is there either an implied statutory remedy or a common-law *Burk* tort remedy for state age discrimination claims arising under the operation of the Oklahoma Constitution, Art. 5 § 46 and the provisions of the Oklahoma Anti-discrimination Act, 25 O.S. §§ 1101, et seq. and § 1901?

<u>Saint</u>, 145 P.3d at 1037.

The Court, in answering the certified question, stated that "[a]ge-discrimination victims are part of the employment discrimination class, and as such must be afforded the same rights as the other members of the class. Therefore we find that there is a *Burk* tort remedy for those who allege employment age discrimination." *Id.*, 145 P.3d at 1039.

In setting forth the parties' respective positions in <u>Saint</u>, the Oklahoma Supreme Court stated:

> [Plaintiff] asserts that the Oklahoma Statute creates a unified class of persons who are the victims of handicap, race, gender or age discrimination therefore requiring equal remedies for all of those persons under Art. 5 § 46. [Plaintiff] asserts that the remedy provided for victims of age discrimination under the state and federal statutes is less generous than the remedy provided for victims of handicap discrimination under 25 O.S. [§] 1901 and therefore the ADEA does not provide a Constitutionally adequate remedy. The Defendant asserts that

4

> the ADEA remedy is adequate and therefore, that no state remedy should be implied.

*Id*. at 1037-1038 (footnotes omitted).

In answering the certified question, however, the Oklahoma Supreme Court did not address adequacy of the ADEA remedy or the impact of an adequate federal remedy on the viability of a Burk tort claim. The Oklahoma Supreme Court's failure to address such matters, as well as to mention its previous decisions in List v. Anchor Paint Mfg. Co., 910 P.2d 1011 (Okla. 1996) and Clinton, has created uncertainty for litigants and the courts. Indeed, in the realm of age discrimination, Saint has spawned disagreement among U. S. District Judges in Oklahoma. *See*, Peery v. Veolia Water North America-West, LLC, Case No. CIV-06-0721-HE, Order, at 4-7, doc. no. 61 (W.D. Okla. April 10, 2007) (Judge Joe Heaton) (not allowing a Burk tort claim), *but see contra*., Taylor v. Roberts Truck Center, Case No. CIV-06-1268-M, Order, at 2, doc. no. 34 (W.D. Okla. July 24, 2007) (Judge Vicki Miles-LaGrange), Zuniga v. Boeing Co., 2007 WL 221939, *2 (N.D. Okla. Jan. 25, 2007) (Judge Terence Kern); Boyles v. AG Equipment Co., 2007 WL 445491, *10 (N.D. Okla. Feb. 6, 2007) (Judge Terence Kern); Rutty v. Equi-Management Services, Ltd., 2007 WL 108946, *9 (W.D. Okla. Jan. 9, 2007) (undersigned); Seeber v. Williams, 2006 WL 2524249, *17 (N.D. Okla. Aug. 28, 2006) (Judge Claire Eagan); Smith v. Jet Service Enterprises, Inc., Case No. 05-1181-F, Order, at 2, doc. no. 58) (undersigned) (allowing a Burk tort claim).[3]  However, the instant case does not involve an age

---

[3] The court notes that the Tenth Circuit states in dicta that Saint abrogated List. *See*, Enderwood v. Sinclair Broad. Group, Inc., 2007 WL 1180426 (10th Cir. April 23, 2007). The court also notes that Judge Robin Cauthron, in a recent opinion (in an age discrimination case) addressing the Enderwood dicta, stated that "it is not entirely clear that List remains controlling." Bankston v. ConocoPhillips Pipe Line Co., Case No. CIV-07-0106-C, Order, at 2, doc. no. 22 (W.D. Okla. May 3, 2007) (Judge Cauthron). Judge Cauthron also indicated that certification of a question "may be appropriate in this case [alleging a Burk tort claim for age discrimination] and would encourage

discrimination claim.  Instead, it involves claims of race and national origin discrimination under Title VII and section 1981.  Consequently, Saint does not control.[4]

Though there is much that cannot be said with certainty about the Oklahoma Supreme Court's Burk tort doctrine as defined by existing case law, a few things are evident.  One is that, by recognizing employment discrimination plaintiffs as a single unified class, the Oklahoma court has superimposed a judge-made tort remedy in employment discrimination cases, the remedy operating more or less as an interstitial filler, to be applied if the statutory enactments resulting from the efforts of legislative bodies to regulate the employment relationship are deemed deficient by the Oklahoma Supreme Court.  This approach apparently does not tolerate, much less require, examination of whether there might be a rational basis for the legislative judgments that have the net effect of addressing the different species of employment discrimination in somewhat different ways. The only question is whether the statutory remedies are adequate when measured against the statutory relief provided for handicap discrimination, which is the high water mark, as identified by the Oklahoma

---

the parties to work together to propose a mutually agreeable one." *Id*. The status of that possible certification is of no moment in the case at bar because Bankston is an age discrimination case.

[4] Magistrate Judge Gary Purcell, in a July 23, 2007 order denying a motion for judgment on the pleadings, permitted Burk tort claims for alleged age and gender discrimination to proceed. Judge Purcell concluded, with no mention of Marshall, that "Plaintiff's age and gender discrimination claims under the ADEA and Title VII do not preclude her claim for wrongful constructive discharge based on a violation of Oklahoma's public policy." Stanphill v. Health Care Service Corp., d/b/a BlueCross BlueShield of Oklahoma, Case No. CIV-06-985-P, Order, at 2 (W.D. Okla. July 23, 2007).  He also stated that "[i]n light of Tate, Collier, and Saint, the Oklahoma Supreme Court has recognized the availability of a Burk public-policy tort claim for race-based, sex-based, and age-related employment discrimination because state and federal anti-discrimination laws do not provide adequate remedies for such discrimination." *Id*.  As to claims of race discrimination, this statement is dicta, but in any event, the court respectfully disagrees as to the availability of a Burk tort claim for race-based discrimination for the reasons stated in this order.

Supreme Court, to which all other employment discrimination plaintiffs are called to aspire. Saint, 145 P.3d at 1038. In the case at bar, the court concludes that nothing in Saint or in any other case from the Oklahoma Supreme Court provides any basis for a holding by this court, in a race and national origin case in which the plaintiff seeks relief under Title VII and section 1981,[5] that the statutory remedies are so inadequate as to permit invocation of the Burk tort remedy.

The Oklahoma Supreme Court in Marshall specifically concluded that Title VII is an adequate remedy for victims of discrimination. *Id.,* 939 P.2d at 1122. In the court's view, the adequacy analysis which is required is not as exacting or detailed as plaintiff urges it ought to be. The court agrees with Judge Russell that "victims of employment discrimination need not have a *federal law remedy identical* to that provided victims of handicap discrimination under the OADA for their *Burk* claim to be precluded . . . They need only have an adequate federal law remedy or one 'sufficient to protect the Oklahoma public policy goal.'" Benavidez v. AmeriResource Temp Agency, Case No. CIV-06-1244-R, Order, at 2, doc. no. 39 (W.D. Okla. Feb. 21, 2007) (Judge Russell) (citations omitted; emphasis in original). The court concurs with Judge Russell that plaintiff's remedies under Title VII and 42 U.S.C. § 1981 are adequate and therefore, plaintiff's Burk tort claims are precluded

---

[5] Plaintiff asserts that "Sec. 1981 applies only to race and not national origin." Doc. No. 12, at 1, n. 1. Although detailed analysis of this contention is not necessary for present purposes, it is not clear that this unqualified assertion is correct. Close examination (bordering on anthropological analysis) of the precise factual basis for the claim of national origin discrimination may be required. *See,* St. Francis College v. Al-Khazraji, 481 U.S. 604 (1987); Ptasznik v. St. Joseph Hosp., 464 F.3d 691, 695, n. 4 (7th Cir. 2006) ("Although national origin discrimination is not expressly prohibited under section 1981, the Supreme Court has defined the term 'race' in section 1981 broadly to include identifiable classes of persons subjected to intentional discrimination on the basis of their ancestry or ethnic characteristics."); Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1244 (10th Cir. 2000) and Manzanares v. Safeway Stores, Inc., 593 F.2d 968, 971-72 (10th Cir.1979).

under Oklahoma law. *See*, *id.*, Order, at 3, doc. no. 26 (W.D. Okla. Jan. 25, 2007) (Judge Russell).

Plaintiff has requested leave to supplement her response to defendant's motion to dismiss to submit the recent decisions from this district for the court's review. Because the court has considered and addressed those additional authorities in this order, the court concludes that plaintiff's request is moot.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Dismissal, filed March 26, 2007 (doc. no. 8) is **GRANTED**.

IT IS ALSO ORDERED that Plaintiff's Motion to Certify Questions to the Oklahoma Supreme Court, filed April 9, 2007 (doc. no. 11), is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's Application to Set a Scheduling Conference, filed July 6, 2007 (doc. no. 24) is **GRANTED**, with a date and time to be specified in a separate order.

IT IS FURTHER ORDERED that plaintiff's Motion to File Supplemental Authority on Plaintiff's Response to Defendant's Motion to Dismiss, filed July 26, 2007 (doc. no. 27), is **DENIED** as **MOOT**.

DATED August 2, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0277p006(pub).wpd